**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARMEN MALLMANN,

  Plaintiff,                                             CASE NO.:

-VS-

CAPITAL ONE BANK (USA) N.A.

  Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like CAPITAL ONE BANK (USA) N.A. ("Capital One") from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses

some of the phone owner's time and mental energy, both of which are precious. Most members of the public want to limit calls, especially cellphone calls, to family and acquaintances, and to get their political information (not to mention their advertisements) [*6] in other ways." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan 3, 2017).

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

6. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

### JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Largo, Pinellas County, Florida.

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Plaintiff is a "consumer" as defined in Florida Statute §559.55(8).

13. Defendant, CAPITAL ONE, is a Corporation and National Association with a principal place of business at 8000 Tower Crescent Drive, 16th Floor, Tysons Corner Drive, Virginia 22182, and which conducts business in the State of Florida.

14. Defendant, CAPITAL ONE, is a "creditor" as defined in Florida Statute §559.55(5).

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) *** - 5855, and was the called party and recipient of Defendants' hereinafter described calls.

17. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (727) *** - 5855 in an attempt to collect on a consumer debt.

18. On several occasions over the last four (4) years, Plaintiff instructed Defendants' agents to stop calling her cellular telephone.

19. Upon receipt of the calls from Defendant, CAPITAL ONE, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone number(s): (800) 955-6600, and when that numbers is called, a pre-recorded message answers "Thanks for calling Capital One. Please say or enter your 16-digit card number."

20. Upon information and belief, some or all of the calls the Defendant, CAPITAL ONE, made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, and because when she

answered a call from the Defendant, she would hear either an extended pause before a representative would come on the line or a pre-recorded message instructing her to hold line the for the next available agent/representative.

21. Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

24. In or about May of 2016, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, explained to the agent that the constant calls were getting her in trouble at work, and demanded that Defendant stop calling her cell phone.

25. During the aforementioned phone conversation in or about May of 2016 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

26. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

27. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

28. Additionally, on or about April 18, 2017, due to continued automated calls to her aforementioned cellular telephone number from Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, was eventually connected to a live agent/representative, and informed the agent/representative of Defendant that she had previously informed them on multiple occasions not to call her cellular phone, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

29. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent Defendant may have had to call her aforementioned cellular telephone number.

30. On at least five (5) separate occasions, Plaintiff has either answered a call from Defendant or returned a call to Defendant\ regarding her account, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number. Her principal reason for answering these calls and making these demands of CAPITAL ONE was the cumulative injury and annoyance she suffered from the calls placed by CAPITAL ONE. These injuries are further described in paragraphs 34 through 40 herein.

31. Each of the Plaintiff's requests for the harassment to end was ignored.

32. From about May of 2016 through the filing of this Complaint, Defendant has placed approximately six hundred (600) actionable calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of thirteen (13) calls from April 10, 2017 through April 18, 2017).

33. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

34. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

35. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

36. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the

usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

39. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

40. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, embarrassment, and aggravation.

41. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

42. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

43. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

44. Defendant has numerous complaints against it across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

45. Defendant has had numerous complaints against them from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

46. Defendant violated the TCPA with respect to the Plaintiff.

47. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

48. Plaintiff incorporates paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

49. Defendant, CAPITAL ONE, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

50. Defendant, CAPITAL ONE, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II

**(Violation of the FCCPA)**

51. Plaintiff incorporates paragraphs one (1) through forty-five (45) above as if fully set forth herein.

52. At all times relevant to this action Defendant, CAPITAL ONE, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

53. Defendant, CAPITAL ONE, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

54. Defendant, CAPITAL ONE, has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

55. Defendant's, CAPITAL ONE's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully Submitted,

    s/*Shaughn C. Hill*
    Shaughn C. Hill, Esquire
    Florida Bar No.: 105998
    Morgan & Morgan, Tampa, P.A.
    201 N. Franklin Street, 7th Floor
    Tampa, FL 33602

Tele: (813) 223-5505
SHill@ForThePeople.com
LCrouch@ForThePeople.com
Attorney for Plaintiff